UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOSHUA LEVI HARTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Cause No. 1:21-CV-43-HAB |
| JAY COUNTY SECURITY CENTER, et al., | ) ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

Joshua Levi Harter, a prisoner without a lawyer, filed a complaint alleging he was not protected from attack while he was held at the Jay County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). That said, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

These facts are taken from Plaintiff's complaint. Plaintiff was a felon serving his sentence when these events occurred. *See State v. Harter*, 38C01-1208-FB-000015 (Jay Circuit Court filed August 21, 2012), docket sheet available at mycase.in.gov. In December 2020, fellow inmate Christopher Elmore began bullying and harassing Plaintiff. Plaintiff filed multiple requests and inmate grievances seeking a new cell assignment because of the harassment, but no action was taken. Elmore eventually found out that Plaintiff was "telling on him" and assaulted Plaintiff. Plaintiff did not immediately report this first assault because of threats from Elmore. Plaintiff did

report the assault one week later, filing multiple requests that requested a new cell assignment and advised jail staff that he did not initially report the assault over being in fear for his life.

Two days later, Elmore assaulted Plaintiff again. Plaintiff reported the assault via intercom to confinement officer Stephenson, and confinement officers Garringer and Riddell responded to the assault. Plaintiff told the officers that he needed protection from Elmore. In response, the officers called Plaintiff a "bitch" and a "pussy," told Plaintiff that "no one gives a fuck about" him, advised that the Jail Commander Cox emailed saying that Cox didn't care about Plaintiff, and told Plaintiff that he would not be moved on orders from Sergeant Dawn, the officer in charge of cell assignments. Shortly after the officers left, Elmore assaulted Plaintiff again.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations, and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). But, "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id*. So a failure to protect claim cannot be based "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). "[T]he fact that an inmate sought and was denied protective custody is not dispositive of the fact that prison officials were therefore deliberately indifferent to his safety." *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010).

Plaintiff has sued the Jay County Security Center. This is a claim against Jay County. *Lile v. Tippecanoe Cnty. Jail*, 844 F. Supp. 1301, 1307 (N.D. Ind. 1992). So, too, are any claims against the individual Defendants in their official capacities. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978). To maintain a claim against the county or the individual Defendants in their official capacities, Plaintiff must show that their constitutional rights were violated by some official policy or custom. *Monell*, 436 U.S. at 694.

A plaintiff must do more than "plead in conclusory fashion that there was a 'policy and practice.'" *Hood v. City of Chicago*, 927 F.2d 312, 315 (7th Cir. 1991). Plaintiff has not even done that. Instead, there is no reference to, or allegation of, a policy or practice anywhere in the complaint. The Court, then, concludes that Plaintiff has failed to state a claim against Defendants in their official capacities.

Official capacity claims aside, a constitutional claim can also be pursued against defendants in their individual capacities. To recover damages under § 1983 on an individual capacity claim, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right. *Sheik–Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994). Individual capacity claims cannot be based on a theory of respondeat superior. *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir.1988). Still, "'[a]n official satisfies the personal responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent.'" *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982)). That is, he "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye...." *Jones*, 856 F.2d at 992. In short, some causal connection, or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery.

The requirement of personal responsibility eliminates Plaintiff's claims against Nurse Teresa and Daren Sanderson. According to the complaint, these individuals did not become involved until after the final assault by Elmore. (ECF No. 1 at 4–5). Of course, one cannot prevent harm that has already occurred. Thus, the individual capacity claims against these individuals will be dismissed.

The claims against the other Defendants are closer calls. Without knowledge of a specific threat of future violence, jail officials cannot be held liable under the Eighth Amendment. *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008). Reasonable minds could disagree as to whether the complaint alleges such knowledge. The Court finds no explicit allegation, but Plaintiff does allege that he told Defendants that his "safety was in jeopardy" and that Plaintiff's reports were "telling on [Elmore]." Under the less stringent standards applied to *pro se* complaints,

4

the Court finds that these allegations, taken together, are enough to allege that Defendants were aware of a threat by Elmore to assault Plaintiff. Discovery may prove that no such knowledge existed, but the Court cannot reach that conclusion now. The Court will allow the individual capacity claims against Jail Commander Cox, Sergeant Dawn, and confinement officers Stephenson, Garringer, and Riddell to go forward.

For these reasons, the Court:

(1) GRANTS Plaintiff leave to proceed against Jail Commander Cox, Sergeant Dawn, and confinement officers Stephenson, Garringer, and Riddell in their individual capacities for monetary damages under the Eighth Amendment;

(2) DIRECTS the Clerk to request Waiver of Service from (and, if necessary, the United States Marshals Service to serve process on) Jail Commander Cox, Sergeant Dawn, and confinement officers Stephenson, Garringer, and Riddell at the Jay County Security Center with a copy of this Order and the Complaint (ECF No. 1), pursuant to 28 U.S.C. § 1915(d);

(3) ORDERS, under 42 U.S.C. § 1997e(g)(2), Jail Commander Cox, Sergeant Dawn, and confinement officers Stephenson, Garringer, and Riddell to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Plaintiff has been granted leave to proceed in this screening order; and

(4) DISMISSES all other claims.

SO ORDERED on September 1, 2021.

                                             s/ Holly A. Brady
                                            JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT